ANDERSON, Circuit Judge, dissenting:

I respectfully disagree with the district court's, and the majority's, characterization of the appellants' motion as one to modify. I agree with appellants that their motion is properly construed as one to enforce the settlement agreement. The agreement specified that the price of appellants' warrants would be adjusted depending upon the price of Coram stock at a specified future date, which turned out to be June 5-- 9, 1995, and June 12-16, 1995 (the measuring period). Part and parcel of the settlement agreement was the duty of good faith imposed by Georgia law. Appellants alleged, and in the posture of this case we must assume their allegations to be true, that defendants at that relevant early June time knew certain facts which meant that the price of Coram stock was grossly inflated as of the crucial June 5-9 and June 12-16, 1995, measuring period. Assuming appellants' allegations to be true, as we must, defendants would have had a duty to disclose such information to the public, and the price of Coram stock would have fallen dramatically during the measuring period, rather than later in August when the information was actually disclosed. More significantly, the settlement agreement as supplemented by the Georgia law duty of good faith required disclosure of such information to the appellants; and the duty of good faith was breached by defendants when they concealed such information for the purpose of artificially inflating the price of the stock during the measuring period. In other words, the defendants breached the settlement agreement as written, including the duty of good faith which was part and

parcel thereof.  Respectfully, I disagree with the conclusion of the district court, and the majority, that appellants sought to <u>modify</u> the settlement agreement, rather than to <u>enforce</u> same.

Having established that appellants' effort is to <u>enforce</u> the settlement agreement, I conclude that the district court had jurisdiction.  The district court expressly retained "continuing jurisdiction over ... (e) all parties hereto ... [for] the purpose of enforcing" the settlement agreement.  District Court's May 19, 1995, Final Judgment and Order of Dismissal at 8, ¶ 12.  In <u>Kokkonen v. Guardian Life Ins. Co. of America</u>, 114 S.Ct. 1673, 1677 (1994), the Supreme Court held on the facts there that a district court did not have jurisdiction to enforce a settlement agreement.  However, the Supreme Court expressly recognized that the district court would have had jurisdiction if it had retained jurisdiction to enforce the agreement:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal – either by separate provision (such as a provision "retaining jurisdiction over the settlement agreement) ....  In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

<u>Id.</u> at 1677.

Accordingly, I dissent.